Black Diamond Capital Mgt., LLC v Oppenheimer Master Loan Fund, LLC (2022 NY Slip Op 06544)

Black Diamond Capital Mgt., LLC v Oppenheimer Master Loan Fund, LLC

2022 NY Slip Op 06544

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 652519/15 Appeal No. 16696-16696A Case No. 2021-03181, 2021-03530 

[*1]Black Diamond Capital Management, LLC, et al., Plaintiffs-Appellants,
v
Oppenheimer Master Loan Fund, LLC, et al., Defendants-Respondents, IAP Global Services, LLC., Defendant. 

Perkins Coie LLP, New York (David W.T. Daniels of counsel), for appellants.
Kramer Levin Naftalis & Frankel LLP, New York (Jonathan M. Wagner of counsel), for Oppenheimer Master Loan Fund, LLC and Oppenheimer Senior Floating Rate Fund, respondents.
Brown Rudnick LLP, New York (Sigmund S. Wissner-Gross of counsel), for Eaton Vance Corp., and Eaton Vance Floating Rate Portfolio, respondents.

Judgment, Supreme Court, New York County (Andrea Masley, J.), entered August 18, 2021, to the extent appealed from, dismissing plaintiffs' claim for specific performance, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about July 15, 2021, after a nonjury trial, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
After a 2014 restructuring of the debt of IAP Global Services, LLC and the issuance of new equity to senior lenders, defendants Oppenheimer Master Loan Fund, LLC and Oppenheimer Senior Floating Rate Fund (collectively, Oppenheimer) owned a 16% stake in IAP, defendants Eaton Vance Corp. and Eaton Vance Floating Rate Portfolio (collectively, Eaton) held a 19% stake, and plaintiffs Black Diamond Capital Management, LLC, Black Diamond IAP Holdings LLC, and GSC Partners CDO Fund IV, Ltd. (collectively, Black Diamond) held a 26% stake. In addition, nonparties Invesco Senior Secured Management owned 9% and Credit Suisse Securities (USA) LLC owned 17%. Toward the end of the restructuring negotiations, which culminated in the execution of a July 18, 2014 restructuring agreement, representatives from Eaton, Oppenheimer, and Invesco entered into an oral agreement for a right of first refusal (ROFR), which, in the event that any of the three institutions were considering selling their IAP equity, would give the other two a first look option to purchase the shares so as to enable the three entities to retain their collective interest in IAP.
In 2015, Oppenheimer decided to liquidate a portfolio of loans, including its 16% stake in IAP (the Security), in an auction process known as a "bids wanted in competition" (BWIC). On April 22, 2015, Credit Suisse (on behalf of Black Diamond) submitted the only bid, at a price of $750.58 per unit for the 16% stake, or 1,627.38 shares. In a phone call that day, James Erven, a senior trader at Oppenheimer, informed Matthew Tuck, a Credit Suisse managing director, of the ROFR, but provided no details; Tuck responded "Okay." Robert Franz, the head of Credit Suisse's loan trading desk, apparently was told by a Credit Suisse analyst that there was no ROFR in the IAP restructuring documents; later in the afternoon of April 22, 2015, Franz told Erven, "There is no ROFR here" and Erven replied "Okay, then we're good."
On April 24, 2015, Eaton and Invesco informed Oppenheimer that they each wanted to exercise the ROFR. On April 27, 2015, Oppenheimer sent Credit Suisse, which considered the purchase completed and believed that it had resulted in an enforceable auction agreement, an instant Bloomberg message informing it that the ROFR was being exercised, and that there was "NO trade on IAP equity." On July 6, 2015, Eaton purchased the entire Security for the same price as the Credit Suisse bid. After Credit Suisse assigned its rights under the purported auction agreement to Black Diamond, Black Diamond commenced this action against Oppenheimer and [*2]Eaton, challenging the sale to Eaton.
The trial court correctly dismissed the claim seeking to specifically enforce Black Diamond's purportedly completed and binding oral agreement to purchase the Security at auction. As the court found in a comprehensive and detailed decision, the evidence at trial established that Credit Suisse and Oppenheimer, who were the parties to the auction purchase, did not have a meeting of the minds with respect to an essential term — namely, whether the completion of the auction agreement based on Credit Suisse's bid was conditioned upon Eaton and Invesco refraining from making a post-auction bid matching the Credit Suisse bid. The evidence of the pre-trade conversation between Oppenheimer (Erven) and Credit Suisse (Tuck) in which Erven "commented" on the ROFR without providing any details, and Tuck acknowledged that comment by saying "okay," did not, alone and conclusively, establish a meeting of the minds as to the conditional nature of any auction agreement that would result from the bid and acceptance. Moreover, the trial record contains ample evidence of the subsequent confusion and disconnect between the parties as to the existence of an applicable ROFR, and as to whether the agreement was subject to a condition that it would become binding only if other parties declined to match the bid.
As there was no auction agreement established between Credit Suisse and Oppenheimer, there is no agreement to be specifically enforced. Accordingly, the claim was correctly dismissed on this basis alone (see Gessin Elec. Contrs., Inc. v 95 Wall Assoc., LLC, 74 AD3d 516, 518 [1st Dept 2010]), and we decline to address the additional trial rulings and arguments raised on appeal. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022